Filed 3/10/16  P. v. Brown CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENYON BROWN,<br><br>    Defendant and Appellant. | B265845<br><br>(Los Angeles County<br>Super. Ct. No. BA430468) |

THE COURT:[*]

A jury convicted Kenyon Brown (defendant) of selling cocaine base (Health & Saf. Code, § 11352, subd. (a)).  In a separate proceeding, defendant admitted he had one prior serious/violent felony or strike conviction (Pen. Code, § 667, subds. (b)-(i)) and one prior conviction for selling cocaine base (Health & Saf. Code, § 11352, subd. (a)).  The trial court sentenced defendant to eight years in state prison—the four-year middle term doubled pursuant to the "Three Strikes" law (§ 667, subd. (e)(1)).

The Los Angeles Police Department was conducting a "buy-bust" operation when an undercover officer posing as a drug addict approached defendant and started a conversation.  The officer told defendant he was trying to get a "dub" which is street vernacular for $20 worth of rock cocaine.  The defendant responded by asking what was

_____

[*] ASHMANN-GERST, Acting P.J.,        CHAVEZ, J.,        HOFFSTADT, J.

in it for him. The officer offered to "hook [him] up" and said he would give him $10. The officer gave defendant a prerecorded $20 bill to purchase the drugs, and waited on the street while defendant entered a residence. Upon exiting the house, defendant told the officer to wait while he went to retrieve the drugs. Defendant was picked up by a man driving a Ford Explorer and left the area. Approximately 10 minutes later, defendant returned and handed the officer 0.15 grams of rock cocaine. The officer gave defendant a prerecorded $10 bill in return, walked away, and signaled his fellow officers that a drug transaction had been completed. Defendant was arrested and the prerecorded $10 bill was found on his person.

Testifying in his own defense, defendant stated he was homeless and panhandling when approached by the officer. When the officer inquired about obtaining drugs defendant told him that some "youngsters" who do fast sales would be coming through the area. The officer was insistent and gave defendant a $20 bill. Defendant testified that the officer looked like he needed a fix and so he agreed to help him out. Defendant obtained the cocaine for the officer because he believed the officer was going to share it with him. The officer did not; gave defendant a $10 bill instead; and walked away.

Defendant filed a timely appeal and we appointed counsel to represent him on appeal.

Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On December 15, 2015, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant submitted a 16-page letter brief, in which he argues, as best we can determine, that: (1) his participation in the crime was "the product of false inducement and entrapment by law enforcement"; (2) the trial court should have instructed the jury on aiding and abetting, and possession; and (3) the court erred in sentencing defendant in light of his "extensive mental health history."

We construe defendant's first contention as a claim of insufficient evidence to support the jury's verdict. In essence, defendant is asking us to reweigh the evidence,

make independent credibility determinations concerning the officers' testimony and resolve conflicts in the evidence in his favor. However, under the applicable standard of review on appeal, we cannot reweigh the evidence or make credibility determinations, and we must resolve all evidentiary conflicts in favor of the judgment. (*A.A. v. Superior Court* (2012) 209 Cal.App.4th 237, 242.) The credibility of witnesses and the resolution of any inconsistencies are the province of the jury. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

There is substantial evidence to support defendant's conviction. The undercover police officer testified that he purchased $20 worth of cocaine from defendant. The supervising detective who monitored the undercover officer's conversation with the defendant testified to its content, and the undercover officer's partner who witnessed the entire interaction with defendant also testified. The undercover officer did not "badger[]" defendant and his inquiry about drugs did not constitute conduct "likely to induce a normally law-abiding person to commit the offense." (*People v. Watson* (2000) 22 Cal.4th 220, 223.) In sum, there was no evidence of entrapment presented at trial.[1]

Next, defendant contends that the trial court committed instructional error. The trial court must instruct the jury on all general principles of law necessary for the jury to properly perform its function: "'"It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case."'" (*People v. Breverman* (1998) 19 Cal.4th 142, 154 (*Breverman*).)

The trial court did not err by failing to sua sponte instruct the jury on aiding and abetting because the prosecution had not relied on aiding and abetting as a theory of liability. (See *People v. Sassounian* (1986) 182 Cal.App.3d 361, 404 [instructions on aiding and abetting are not required where "the defendant was not tried as an aider and

---

[1] The trial court refused to instruct on entrapment, finding insufficient evidence to support the defense.

abettor, [and] . . . there was no evidence to support such a theory"].)  Any instruction on aiding and abetting would also have been inconsistent with his defense at trial, which was that there was no sale at all.  (See *People v. Geiger* (1984) 35 Cal.3d 510, 531-532 [not requiring instruction that would be inconsistent with defense theory at trial], overruled on other grounds in *People v. Nelson* (2011) 51 Cal.4th 198, 215.)

Whether the trial court erred in not instructing the jury on the lesser-included offense of simple possession of narcotics turns on whether substantial evidence could support a jury finding that defendant possessed the drugs without also possessing them for sale.  (*Breverman*, *supra*, 19 Cal.4th at pp. 162-163.)  We need not resolve this question because, even if we assume that the lesser-included instruction was warranted, its omission did not prejudice defendant because it is not reasonably probable that the jury would have found him guilty of simple possession.  (*Id.* at p. 178 [harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836, applies in noncapital cases where there is error in failing sua sponte to instruct on all lesser included offenses that are supported by the evidence].)  That is because the overwhelming weight of the evidence points to a sale of cocaine by defendant.  In addition to the testimony of the undercover officers, during cross-examination the defendant admitted that he took the $20 bill from the undercover officer with the understanding it was to buy rock cocaine; handed the money to a third person knowing that person would obtain the cocaine; obtained the cocaine from that third person and handed it to the undercover officer.

Regarding the merits of defendant's challenge to his sentence, we review the trial court's sentencing choice for an abuse of discretion and reverse only when there is a clear showing the sentence is arbitrary or irrational.  (*People v. Ogg* (2013) 219 Cal.App.4th 173, 185, citing *People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  In the absence of a showing that the sentence was arbitrary or irrational, the court is presumed to have acted to achieve legitimate sentencing objectives.  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)  We presume the court considered all of the relevant factors in choosing a sentence unless the record shows otherwise.  (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Before sentencing, the deputy public defender filed a memorandum with the trial court asking that defendant receive a probationary sentence and rehabilitation so that his mental health and addiction issues could be addressed. The memorandum argued that defendant "was operating under the duress of an untreated mental health disorder at the time of the offense" and attached a psychological evaluation conducted pursuant to Evidence Code section 730. The trial court stated that he had "given this a lot of thought, a lot of attention" to the sentence. Having read and considered the sentencing memoranda submitted by both parties, heard from defendant and counsel during the hearing, and weighed the factors in mitigation and aggravation, the court rejected the prosecutor's recommendation and sentenced defendant to the midterm. The record thus demonstrates a reasoned, individualized exercise of discretion by the court at sentencing, and we cannot conclude that the court's decision was """"irrational or arbitrary.""""" (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, including the issues raised by defendant in his supplemental brief, has disclosed no reasonably arguable appellate issue.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.